# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BURR & FORMAN, LLP,** ]<br>]<br>  **Plaintiff,** ]<br>]<br>**v.** ]<br>]    CV-08-BE-0526-S<br>**PERIHELION GLOBAL, INC. and** ]<br>**JOHN BEEBE,** ]<br>]<br>  **Defendant** ]<br>]<br>] | |

## MEMORANDUM OPINION

This matter is before the court on "Plaintiff Burr & Forman LLP's Renewed Motion to Show Cause and for Sanctions" (doc. 54).  The court had previously granted the motion to the extent that it requested a show cause order; the court ordered Defendants to show cause in person at a scheduled hearing why they should not be held in contempt for failing to comply with the court's Order dated May 26, 2009 and why the court should not impose the requested sanctions of attorneys' fees and costs incurred in obtaining the requested discovery.  The court held the show cause hearing on January 14, 2010.

The court notes that neither Defendant Beebe nor his attorney was present at the hearing. Their absence apparently was due in part to an erroneous assumption that the filing of a petition for bankruptcy during the week of the hearing would operate as a stay of the hearing or any contempt actions.  Although Beebe only filed the "Suggestion in Bankruptcy" (doc. 60) with this court a few hours before the hearing, Beebe's counsel had unofficially advised the court via

1

email the day before the hearing that his client had filed for bankruptcy on January 12, 2010. Having been advised of the petition for bankruptcy, however, the court did not cancel the hearing and, in fact, notified the parties that the hearing would proceed and that the court expected Beebe as well as all counsel to be present at the hearing[1]. While acknowledging the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a), the court notes that exceptions exist to the stay and that "[t]he court in which the litigation claimed to be stayed is pending has jurisdiction to determine . . . whether the proceeding before it is subject to the automatic stay." *S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10, 13 (D.D.C. 2001) (quoting *NLRB v. Sawulksi*, 148 B.R. 971, 975 (E.D. Mich 1993); *see also In re Montana*, 185 B.R. 650, 652 (Bankr. S.D. Fla. 1995) (stating "bankruptcy courts do not have exclusive jurisdiction in determining the applicability of the automatic stay."). The court's Show Cause Order (doc. 55) setting the hearing stated that Beebe's action for which the court was contemplating holding him in contempt was *not* his failure to pay the judgment but rather, was his continual flouting of this court's order that he produce certain requested documents.

   Citing as authority the case of *Booth v. Wilson,* 964 F. Supp. 757 (S.D.N.Y. 1997), Plaintiff took the position that where the contempt proceeding is directed at defiance of a court order that involves the production of documents and not the payment of money, the bankruptcy filing does not stay contempt proceedings. The court agrees. The *Booth* case presents eerily similar facts with a defendant stone-walling by delaying his deposition, failing to bring requested documents when he finally appeared for deposition, ignoring the pre-bankruptcy court order compelling his production of documents, and ultimately filing bankruptcy the week before the

---

[1] The court appreciates that counsel for Plaintiff honored the court's directive.

contempt hearing. *See id.* at 760-61. Noting that the relief requested did not involve payment of money, the district court in *Booth* found that the filing of bankruptcy did not stay its power to enter a contempt order enforcing its pre-bankruptcy order to compel discovery because of its inherent power to punish conduct violating the dignity of the court. *Id.* at 761.

A district court in the District of Columbia was faced with a similar argument that civil contempt proceedings should not proceed after the filing of a petition for bankruptcy. That court found that contempt proceedings fell within exceptions from § 362(a)'s automatic stay for two reasons: "the exception for a governmental unit to exercise its powers under 11 U.S.C. § 364(b)(4) applies; and (2) the Court may conduct proceedings to uphold the dignity of the Court to vindicate the authority of the Court to enforce its orders." *Bilzerian*, 131 F. Supp. 2d at 14. Similarly, this court finds that Beebe's filing for bankruptcy the week of its show cause hearing to address Beebe's contumacious defiance of its pre-bankruptcy order to compel document discovery does not curtail the court's power to sanction Beebe's conduct.

Despite the court's confidence that it has the power to sanction Beebe, it will nevertheless afford him a final opportunity to comply with its order. The court ORDERS Beebe to appear *in person* at a hearing on January 28, 2010 at noon in Courtroom 5B at the Hugo L. Black United States Courthouse in Birmingham, Alabama, and further to produce to Plaintiff *on or before* that date the following documents that Plaintiff has identified as documents Beebe has, or has access to, but has not produced in violation of this court's May 26, 2009 order to compel (doc. 36)[2]:

---

[2]In its May 26, 2009 order, the court required Defendants to produce the generic categories of documents requested by Plaintiff. Since that time, as a result of Beebe's deposition and limited production, the Plaintiff has identified to Beebe and this court more precise documents within those generic categories that Beebe has failed to produce despite repeated promises to do so.

3

1) Documents reflecting the loan between Mr. Beebe and 30-A Restaurant Group
(Depo. pp. 12-13); Doc. Request Nos. 5, 13, 18, 27 ;
2) Documents reflecting the lease between 30-A Restaurant Group and Reel Knotty, LLC, including the agreement between Beebe and Gulf South Private Bank directing Reel Knotty to make lease payments directly to the Bank
(Depo. p. 16); Doc. Request Nos. 5, 13, 25, 27;
3) Mortgage and appraisal for property owned by 30-A
(Depo. pp. 10-11; 33-34); Doc. Request Nos. 6-7;
4) Bills/invoices for his daughter's private school tuition
(Depo. p. 40); Doc. Request No. 22;
5) Cancelled checks
(Depo. p. 183); Doc. Request No. 3;
6) *Complete* set of bank account statements for Mr. Beebe's Wachovia checking account
(Depo. p. 182; 208); Doc. Request No. 3;
7) *Complete* set of bank account statements for Mr. Beebe's Wachovia Way2Save savings account
Doc. Request No. 3;
8) Documents related to Mr. Beebe's ownership of radio station in Corinth, MS (WTKN);
(Depo. pp. 22-23); Doc. Request Nos. 6, 7 and 8;
9) Promissory note for line of credit with the Bank of Jackson County, FL
(Depo. p. 69); Doc. Request No. 22;
10) Documents reflecting Mr. Beebe's agreement with Bank of Jackson County, FL to assign property to the bank adjacent to Hwy 331; and agreement that the bank will credit Mr. Beebe's promissory note and pay him any overage received after the property is sold (an agreement allegedly executed in Feb. 2009)
(Depo. pp. 71-76); Doc. Request No. 24-25;
11) Documents reflecting the terms of the lease of Mr. Beebe's BMW
(Depo. p. 82-83); Doc. Request No. 12;
12) Statements for line of credit with Gulf South Private Bank
(Depo. p. 85); Doc. Request 22;
13) $500,000 life insurance policy on Mr. Beebe's life
(Depo. p. 101); Doc. Request 16;
14) Tax Returns
Doc. Request No. 2;
15) Documents reflecting settlement payments received by Mr. Beebe in connection with other litigation (approx. $42,000)
(Depo. p. 192); Doc. Request 17.

Failure to both appear *and* produce the requested documents will mean that Beebe will be subject to being taken into custody by a United States Marshal for contempt of court; if Plaintiff ignores

the last opportunity to comply with this court's orders, the court possesses the inherent power to enforce its orders and sanction any litigant who flouts them. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing district courts' inherent authority to enforce orders); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (stating that "[c]ourts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."); *Booth*, 964 F. Supp. at 761-62 (entering a contempt order incarcerating litigant pending compliance with pre-bankruptcy court order to compel discovery). The court will DEFER ruling on the request for sanctions until that hearing.

Dated this 15th day of January, 2010.

/s/ Karon O. Bowdre
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE