# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BURR & FORMAN, LLP,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | |
| ] | CV-08-BE-0526-S |
| **PERIHELION GLOBAL, INC. and** ] | |
| **JOHN BEEBE,** ] | |
| ] | |
| **Defendant** ] | |
| ] | |
| ] | |

## MEMORANDUM OPINION

This matter is before the court on "Plaintiff's *Nunc Pro Tunc* Motion to Amend Judgment" (doc. 59), which requests that this court "enter an order substituting NYMET Holdings, Inc. for Perihelion Global, Inc. as a party in this case" and to "amend its judgment of December 22, 2008, *nunc pro tunc*, to substitute NYMET. . . ." (doc. 59, at 1 & 2). NYMET Holdings, Inc. opposed this motion (doc. 63) and Burr & Forman replied (doc. 66); accordingly, this matter has been thoroughly briefed. For the reasons stated in this Memorandum Opinion, the court finds that the request for substitution is due to be GRANTED and that the request that its judgment be amended *nunc pro tunc* is due to be GRANTED.

Rule 25(c) governs substitution of a party because of a transfer of interest:

> **Rule 25. Substitution of Parties**
> **Transfer of Interest**. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c). This court had previously entered a consent judgment in favor of Burr &

Forman and against Defendants John Beebe and Perihelion Global, Inc. (doc. 28) and then entered a Final Judgment (doc. 30) on December 22, 2008, awarding an additional amount in favor of Burr & Forman and against the same Defendants for attorneys' fees and costs.

In support of its current motion, Burr & Forman provides the following exhibits: Exhibit A - portions of John Beebe's sworn deposition testimony in this case, stating that he was formerly the majority shareholder of Defendant Perihelion Global, Inc. and that he had sold a controlling share of Perihelion Global, Inc. to Mark Klok; Exhibit B - April 16, 2009 press release announcing the name change from Perihelion Global, Inc. to NYMET Holdings, Inc. and listing Mark Daniel Klok, President of Perihelion Global, Inc., as the contact; Exhibit C - public filings dated November 24, 2009 confirming Perihelion Global, Inc.'s name change to NYMET Holdings, Inc. in April 2009.

In its response, NYMET does not challenge the information provided in the exhibits. Instead, it argues as follows: (1) that Burr & Forman's motion is premature[1]; (2) that entry of judgment against NYMET without a Rule 25(c) motion and the court's formal substitution of NYMET pursuant to that motion would be improper; and (3) that the court should stay this action given co-Defendant John Beebe's recent petition for bankruptcy[2]. The court is unconvinced by NYMET's arguments. Plaintiff may not have referenced Rule 25(c) in its

---

[1] To the extent NYMET's argument relies on the court's statement during the November 2009 hearing that a motion to substitute would be premature, that statement was based on the fact that all parties had reached an oral agreement and were cooperating at the time. Unfortunately, that spirit of cooperation dissipated at some point after the hearing as evidenced in part by "Plaintiff Burr & Forman LLP's Renewed Motion to Show Cause and for Sanctions" (doc. 54), filed in December of 2009 and later withdrawn (doc. 69).

[2] The court acknowledges NYMET's argument that the court should stay any action on this motion because of John Beebe's recent filing of a petition in bankruptcy. However, the court disagrees that his petition and any ensuing stay affects this court's power to substitute the current name of a co-Defendant pursuant to Rule 25(c).

motion, but it has explicitly requested that NYMET Holdings, Inc. be substituted for Defendant Perihelion and provided supporting documentation of a transfer of interest and a name change from Perihelion Global, Inc. to NYMET Holdings Inc., documentation that NYMET has not repudiated. Thus, Plaintiff has invoked Rule 25(c), which "governs substitution where a party to a lawsuit transfers an interest ... after judgment has been rendered." *Negron-Almeda v. Santiago*, 579 F.3d 45, 52 (1st Cir. 2009). Rule 25(c) allows the court to order the substitution of a "successor in interest who ... obtained the assets of the corporation against whom judgment had been entered." *Id.* at 53 (quoting *Explosives Corp. of Am. v. Garlam Enters. Corp.*, 817 F.2d 894, 905 (1st Cir. 1987); *see also Panther Pumps & Equip. Co. v. Hydrocraft*, 566 F.2d 8, 27 (7th Cir. 1977). The court finds that in light of the information submitted in doc. 59 with attachments and the lack of challenge to that information's accuracy, the substitution of NYMET Holding, Inc. is proper.

Therefore, in accordance with Rule 25(c), this court will GRANT the request for substitution and will ORDER that NYMET Holdings, Inc. be SUBSTITUTED for Defendant Perihelion Global, Inc. The Clerk of the Court shall cause the record to reflect that substitution. Further, in light of that substitution, the court will GRANT the motion to amend judgment *nunc pro tunc*, and will ORDER as follows: this court's Orders dated December 16, 2008 (doc. 28) and December 22, 2008 (doc. 30) are AMENDED *nunc pro tunc* to substitute NYMET Holdings, Inc. for Defendant Perihelion Global, Inc; as stated in those Orders, the total amount of judgment entered in favor of Plaintiff, Burr & Forman, and against Defendants, including NYMET Holdings, Inc., is $247,687.76. The Clerk of Court shall cause the record to reflect the amendment of those orders *nunc pro tunc.*

No further matters remain before this court. This case shall remain CLOSED.

Dated this 27th day of January, 2010.

                                             _____
                                             KARON OWEN BOWDRE
                                             UNITED STATES DISTRICT JUDGE